UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE THE ADMINISTRATIVE INSPECTION OF: | Case No: 2:21-mj-684 |
| MARK E HARRIS DVM<br>25 Collegeview Road<br>Westerville, Ohio 43081<br>DEA registration #BH0129406 | Magistrate Judge Vascura<br><br>UNDER SEAL |

**APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT
UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. 880**

TO: THE UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

The Controlled Substances Act, 21 U.S.C. §§ 801-904, ("the Act") provides for government supervision of those engaged in manufacturing and distributing controlled substances ("Registrants"). The Act requires that a Registrant be registered with the Drug Enforcement Administration (DEA). 21. U.S.C. § 822. There are both civil and criminal penalties for violation of the Act, 21 U.S.C. §§ 841-863.

In order to ensure compliance with the Act and its implementing regulations, the DEA is authorized to conduct inspections of the premises of registrants. 21 U.S.C. § 880(b). Specifically, the Act authorizes the DEA to conduct administrative inspections to: (1) inspect and copy records, reports, and other documents required to be kept or made under the Act; and (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls and facilities) appropriate for verification of the records, reports and documents, or otherwise bearing on the provisions of the Act; and (3) inventory the stock of any controlled substance or listed chemical and obtain samples of such substance. 21 U.S.C. § 880(b)(3).

1

A United States judge, or United States magistrate judge, may, upon a showing of probable cause, issue a warrant for the purpose of conducting an administrative inspection, and seizures of property appropriate to such inspections. 21 U.S.C. § 880(d). "Probable cause" is "a valid public interest in the effective enforcement of [the Act]." 21 U.S.C.§ 880 (d)(1). "Probable cause" in the traditional criminal law sense is not required to support the issuance of an Administrative Inspection Warrant. Marshall v. Barlow's Inc., 436 U.S. 307, 320 (1978); United States v. Schiffman, 572 F.2d 1137 (5th Cir., 1978).

Michael Storck, Diversion Investigator, United States DEA, Detroit Division Office, hereby applies for an Administrative Inspection Warrant pursuant to the Controlled Substances Act, 21 U.S.C. § 880(d), for the inspection of the following Registrants:

MARK E HARRIS DVM
25 Collegeview Road
Westerville, Ohio 43081
DEA registration #BH0129406

This Application for an Administrative Inspection Warrant is based upon the attached Affidavit.

MICHAEL STORCK
Digitally signed by MICHAEL STORCK
Date: 2021.10.20 12:40:00 -04'00'

Michael Storck
Diversion Investigator
Drug Enforcement Administration

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE THE ADMINISTRATIVE INSPECTION OF: | } } } } |
| MARK E HARRIS DVM<br>25 Collegeview Road<br>Westerville, Ohio 43081<br>DEA registration #BH0129406 | } } } } } } |

## AFFIDAVIT IN SUPPORT OF AN
## ADMINISTRATIVE INSPECTION WARRANT UNDER 21 U.S.C. § 880

Michael Storck, a duly authorized Diversion Investigator of the Drug Enforcement Administration (DEA), Department of Justice, assigned to the DEA Columbus District Office, hereby applies for an inspection warrant pursuant to Section 510 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91-513), 21 U.S.C. § 880, and having been duly sworn, hereby submits this affidavit in support of the warrant for the inspection of the controlled premises as follows:

1. MARK E HARRIS DVM, 25 Collegeview Road, Westerville, Ohio 43081, is registered under the provisions of the Controlled Substances Act, 21 U.S.C. § 822 et seq., as a veterinarian under DEA registration #BH0129406, which expires on October 31, 2021. MARK E HARRIS DVM's location referenced above is a "controlled premises" within the meaning of 21 U.S.C. § 880(a) and 21 C.F.R. § 1316.02(c). Pursuant to his registrations, MARK E HARRIS DVM is authorized to handle controlled substances in Schedules II, IIN, III, IIIN, IV and V.

2. MARK E HARRIS DVM is required to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed of pursuant to 21 U.S.C. § 827 and 21 C.F.R. 1304.01 et seq., on the controlled premises.

3. Your affiant has examined files and records of the Drug Enforcent Administration and has found that the Drug Enforcement Administration conducted an inspection of MARK E HARRIS DVM in 2019, pursuant to an anonymous tip. This tip consisted of the information that MARK E HARRIS DVM intended not to report a theft of fentanyl to the Drug Enforcement Administration. All thefts of controlled substances are required to be reported to the Drug Enforcement Administration by 21 C.F.R. 1301.76(b).

4.     During this inspection, numerous record-keeping and security violations were discovered. Moreover, an additional theft of buprenorphine and hydromorphone was reported by MARK E HARRIS DVM in early February of 2019. In the case of the hydromorphone, it was discovered that boxes containing vials of the controlled substance had been surreptitiously opened from the bottom. Each vial of hydromorphone solution had been pierced. The vials were full or nearly full of liquid, but subsequent testing revealed that this liquid did not contain hydromorphone. Despite investigation by the Drug Enforcement Administration, the person or persons responsible for the thefts of controlled substances at MARK E HARRIS DVM's location was not identified.

5.     Subsequent to the 2019 inspection of MARK E HARRIS DVM, the Drug Enforcement Administration issued a Letter of Admonition to MARK E HARRIS DVM specifying recordkeeping and controlled substance security violations found and giving the veterinarian the opportunity to voluntarily comply with the controlled substances act and its implementing regulations.

6.     MARK E HARRIS DVM was required to respond in writing within 30 days describing the actions taken or planned to correct the violations found and prevent their reoccurrence. MARK E HARRIS DVM responded in writing to the Letter of Admonition, and his response was found satisfactory.

7.     Your affiant is aware that, as part of MARK E HARRIS DVM's response to the Letter of Admonition, MARK E HARRIS DVM installed a safe at his registered location. Your affiant has been informed by a former employee of MARK E HARRIS DVM that, as of July of 2021, this safe was not being used to store controlled substances. Your affiant was informed by the same source that MARK E HARRIS DVM claimed that the safe was not used because of a problem with the software.

8.     Your affiant has been informed by a former employee of MARK E HARRIS DVM of indications that MARK E HARRIS DVM is currently abusing or has abused in the past controlled substances from his veterinary clinic: MARK E HARRIS DVM was seen placing tramadol into his pocket, stating that the tramadol was for his dog. Tramadol is currently a schedule IV controlled substance, but at the time of this occurrence, tramadol was not yet scheduled as a controlled substance.

9.     Your affiant has been informed by a former employee of MARK E HARRIS DVM that veterinary technicians who were not under the personal supervision of a veterinarian had access to controlled substances, in violation of Ohio Administrative Code (OAC) 4729:5-20-03(B)(6) and OAC 4729:5-20-03(C).

10.    Your affiant is aware that MARK E HARRIS DVM took Lomotil, a schedule V controlled substance, from the clinic to his home to treat a dog belonging to his domestic partner or wife without recording the dispensation of these controlled substances, in violation of 21 U.S.C. § 827(a)(3) and 21 C.F.R. 1304.21(a) et seq. Your affiant is aware that only when urged by an employee did MARK E HARRIS DVM return the Lomotil to his clinic and

properly dispense the Lomotil and document the dispensing.

11. An inspection pursuant to the requested warrant would be undertaken as part of the authorized inspection program designed to assure compliance with the Comprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91-513).

12. The inspection will be conducted during regular business hours. (Note: the facility operates 24 hours per day, but the clinic's business hours are as follows: Monday through Friday, from 7:00am to 9:00pm, Saturday from 8:00am to 4:00pm, and Sunday from 4:00pm to 6:00pm.) The investigators' credentials will be presented to the registrant as prescribed in Section 510 of the Act. The inspection will begin as soon as practicable after the issuance of this warrant and will be completed with reasonable promptness.

13. This inspection will extend to the Controlled Premises and all pertinent equipment, records, finished and unfinished materials, containers and labeling therein, including, but not limited to, computerized records, which refer to or relate to the dispensing, administration, or distribution of controlled substances. This inspection will also extend to the copying of inventories, records, reports, (prescriptions), order forms, invoices and other documents required to be kept and the inspection of all other items therein, including records, files, and papers appropriate for the verification of the records, reports, and documents required to be kept under the Controlled Substances Act and regulations promulgated thereunder.

14. Samples and records required under the Controlled Substances Act, including computerized records, will be collected when necessary, and a receipt will be given for any items collected pursuant to the warrant.

15. The undersigned Diversion Investigator may be accompanied by one or more Diversion Investigators and Special Agents duly authorized by the DEA, Department of Justice.

16. A return will be made to the Court promptly, accompanied by a written inventory of all records and property taken pursuant to the warrant.

17. The authority for the issuance of the inspection warrant is Section 510 of theComprehensive Drug Abuse Prevention and Control Act of 1970 (P.L. 91-513), 21 U.S.C. § 880.

18. Your affiant further states that he has verified and has knowledge of the facts alleged in this affidavit and that they are true to the best of his knowledge, information and belief.

WHEREFORE, your affiant respectfully requests that an inspection warrant be issued.

MICHAEL STORCK
Digitally signed by MICHAEL STORCK
Date: 2021.10.20 14:44:10 -04'00'

Michael Storck
Diversion Investigator
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence and/or by reliable electronic means:

Chelsea M. Vascura
United States Magistrate Judge
Date: 10-20-21